IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
RENIECE L.W. KABANDO,            )
                                 )
     Plaintiff,                  )
                                 )
          v.                     )     1:15cv1040 (JCC/JFA)
                                 )
THE UNITED STATES OF AMERICA,    )
                                 )
     Defendant.                  )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff's Motion for an Emergency Hearing. [Dkt. 11.] For the following reasons, the Court will deny the motion.

**I. Background**

On August 17, 2015, Plaintiff Reniece L.W. Kabando, pro se, filed a complaint against the United States of America. (Compl. [Dkt. 1].) The same day, Plaintiff filed a Motion for an Emergency Hearing. [Dkt. 4.] On August 18, 2015, the Court issued an Order summarily dismissing Plaintiff's Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and gave her leave to amend the Complaint. (Order [Dkt. 8].) On August 20, 2015, Plaintiff filed an Amended Complaint that clarified her claims. (Am. Compl. [Dkt. 9].) Again, Plaintiff also filed a Motion for an Emergency Hearing [Dkt. 11], which the Court heard on August 26, 2015.

1

In her Amended Complaint, Plaintiff alleges that she is disabled and homeless.  (Am. Compl. at 1.)  Plaintiff brings this Amended Complaint pursuant to 42 U.S.C. § 1983, and the Administrative Procedure Act, 5 U.S.C. § 706 et seq., and claims that her due process rights under the 5th and 14th Amendments were violated when the Defendant United States of America failed to issue her a Section 8 Housing Voucher.  (Id. at 1-2.)

Specifically, Plaintiff claims that on June 16, 2014, she was "called off the waiting list" and interviewed for a Non-Elderly Disabled ("NED") Section 8 Housing Voucher by the United States Department of Housing and Urban Development ("HUD") through the Special Needs Division of the Prince William County Office of Housing and Community Development ("OHCD").  (Id. at 2.)  However, just over five months later, by letter dated October 30, 2014, because Plaintiff had not yet received a NED voucher, and because OHCD had "fully leased all required vouchers . . . by the contract expiration date of October 27, 2014," Plaintiff's name was placed back onto the "NED Waiting List with its proper place according to [her] preference, date, and time, and will be reconsidered for assistance when additional NED vouchers and funding to support the leasing of another family become available."  (Compl. Attach. 2 [Dkt. 1-2] at 2.)

2

Plaintiff claims that this government action, _i.e._, placing her back on the waiting list and not issuing her a NED voucher, was discriminatory, arbitrary, contrary to law, and in violation of her constitutional rights.  (Am. Compl. at 3.) Plaintiff claims that she had submitted all the required documentation by October 14, 2014, well before the October 27, 2014 expiration date, and is therefore entitled to a NED voucher.  (Id.; see also Compl. Attach. 3 [Dkt. 1-3] at 2.) Plaintiff claims that because she had met all of the requirements and was "called off" the waiting list before the expiration date, OHCD and HUD deprived her of an entitlement to property "based on mismanagement of funds," which constitutes misconduct.  (Am. Compl. at 4.)

In Plaintiff's Emergency Motion now before the Court, Plaintiff seeks unspecified "declaratory [and] injunctive relief" to remedy her and her daughter's current homelessness, as they have been living in a car.  (Pl.'s Emergency Mot. [Dkt. 11] at 1-2.)  Plaintiff has named the United States of America as the sole Defendant in this matter, and to date, no summons has been issued or returned to the Court executed.  Therefore, the Court liberally construes Plaintiff's Emergency Motion as an ex parte Motion for a Temporary Restraining Order to enjoin OHCD from placing Plaintiff back on the waiting list, and to instead, order OHCD to issue Plaintiff a NED voucher.

## II. Legal Standard

Rule 65(b) of the Federal Rules of Civil Procedure governs temporary restraining orders.  "The standard for granting either a TRO or a preliminary injunction is the same." Moore v. Kempthorne, 464 F. Supp. 2d 519, 525 (E.D. Va. 2006) (citations omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Counsel, 555 U.S. 7, 20 (2008); see also Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009) (citing Winter, 129 S. Ct. at 374), vacated on other grounds, 130 S. Ct. 2371 (2010), reinstated in relevant part, 607 F.3d 355 (4th Cir. 2010).  As is relevant here:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

4

Fed. R. Civ. P. 65(b)(1) (emphasis added).

### III. Analysis

#### A. Ex Parte Nature of the Motion

As a threshold matter, under the Federal Rules of Civil Procedure and the circumstances of this case, at this juncture, the Court cannot issue a temporary restraining order without proof of compliance with Rule 65(b).  First, Plaintiff has not submitted a sworn affidavit or verified complaint that clearly demonstrates <u>immediate</u> and irreparable injury. Plaintiff did "declare under penalty of perjury that [n]o attorney has prepared, or assisted in the preparation of this document," but did not specifically execute a verified complaint or sworn affidavit regarding the contents of her amended complaint.  (Am. Compl. at 7.)  Regardless, while the Court is wholeheartedly sympathetic to Plaintiff's present position, the Court also notes that Plaintiff received notice of being placed back on the waiting list on October 30, 2014, almost ten months ago.  Thus, there is no imminent or immediate threat of irreparable injury, as it appears from the face of amended complaint that Plaintiff has already been without housing since October of last year.

Second, and most importantly, there is nothing in the record that suggests Plaintiff has made any effort to provide notice to the proper Defendant, which in this case, appears to

5

be OHCD, a state agency in Prince William County, Virginia that receives federal funding from HUD.  At the hearing, Plaintiff stated that she mailed all documents to the United States Attorney for the Eastern District of Virginia, but did not execute proper service through a summons.  Thus, this is insufficient.  Plaintiff complains about OHCD's action, but there is no indication that OHCD was provided notice of this lawsuit or this emergency hearing.  Accordingly, on this basis alone, the Court will decline to issue a temporary restraining order, as the requirements under the Federal Rules of Civil Procedure have not been satisfied.  See Tchienkou v. Net Trust Mortg., No. , 2010 WL 2375882, at *1 (W.D. Va. June 9, 2010) ("The requirements of Rule 65(b)(1) are not merely technical niceties that a court may easily disregard, but rather crucial safeguards of due process.") (citing Austin v. Altman, 332 F.2d 273, 275 (2d Cir. 1964) (additional citation omitted)).  Nonetheless, the Court will also briefly address the merits of Plaintiff's Motion for a Temporary Restraining Order.

B. The Section 8 Housing Choice Voucher Program

In 2010, a district court in New Jersey addressed a similar issue related to Section 8 Housing vouchers, and succinctly summarized the federal program and its procedures as implemented through state agencies:

> The Section 8 Housing Choice Voucher Program ("HCVP") is a federal government program for assisting low income families in obtaining affordable housing. Participants choose housing that meets the requirements of the program. Housing choice vouchers are administered locally by public housing agencies ("PHAs"), such as [OHCD through the Prince William County Government]. The PHAs receive federal funding from the United States Department of Housing and Urban Development ("HUD") to administer the voucher program. Once housing is chose, contracts are signed between the PHA and the landlord and the landlord and the tenant. The tenant pays a percentage of his or her monthly income to the landlord towards the contract rent, and the PHA pays the difference.
>
> Demand for vouchers exceeds their supply, and often long waiting lists develop. A PHA may establish local preference for selecting applicants from its waiting list. Vouchers are considered portable and can be used in or outside the issuing PHA's jurisdiction, including anywhere in the United States where a PHA administers this program, after the participant lives for at least one year in the issuing PHA's jurisdiction.

Castro v. Bayonne Housing Authority, Civ. No. 10-403 (DRD), 2010 WL 1849997, at *2 (D.N.J. May 7, 2010). Here, Plaintiff is challenging OHCD's wait list procedure. Specifically, Plaintiff contends that once she was "called off" the waiting list in June of 2014, because she was eligible to receive a NED voucher, OHCD violated her rights and acted contrary to law when it did not issue the voucher but instead, returned her name to the waiting list in October of 2014. There is no allegation and nothing in

the record that suggests Plaintiff ever appealed this decision administratively.  Instead, almost a year later, she filed the complaint in this action and moved for a temporary restraining order.

### C. Temporary Restraining Order Factors

### 1. Likelihood of Success on the Merits

As sympathetic as Plaintiff's case might be, the Court finds that she is not likely to succeed on the merits because she does not allege that she has exhausted her administrative remedies within OHCD or HUD.  Castro, 2010 WL 1849997, at *3. Exhaustion of administrative remedies is required by statute before Plaintiff can seek judicial review of an administrative decision.  See 5 U.S.C. § 704; see also 42 U.S.C. § 12101, et seq.; 24 C.F.R. § 982.202(c) ("An applicant does not have any right or entitlement to be listed on the PHA waiting list, to any particular position on the waiting list, or to admission to the programs.").  Because there is no allegation that Plaintiff even attempted to administratively appeal this initial agency decision, it is unlikely she will succeed on the merits of her claim.  Accordingly, this first factor weighs against issuing a temporary restraining order.

### 2. Irreparable Harm

It is also questionable whether Plaintiff will suffer irreparable harm if temporary relief is not provided.

Irreparable harm must be "neither remote nor speculative, but actual and imminent." <u>Direx Israel, Ltd. v. Breakthrough Med. Corp.</u>, 952 F.2d 802, 812 (4th Cir. 1991) (quotation and citation omitted).  Here, as discussed above, Plaintiff complains of agency action that occurred over ten months ago.  There has been no showing that denial of this requested temporary relief will imminently harm Plaintiff.  Therefore, this factor also weighs against granting Plaintiff a temporary restraining order.

### 3. Balance of the Equities

Moreover, granting Plaintiff a temporary restraining order would injure at least one, and possibly many, other individuals: those individuals in front of her on the waiting list.  <u>Castro</u>, 2010 WL 1849997, at *6.  Thus, this factor also weighs against granting temporary relief.

### 4. Public Interest

Lastly, the public has an interest "in maintaining the integrity of the voucher waiting list." <u>Id.</u>  In so finding, the Court does not discount the hardships that Plaintiff currently faces.  However, the Section 8 Housing voucher program is administered according to federal regulation.  If Plaintiff believes that OHCD violated those federal regulations, and her constitutional rights, there are administrative procedures and remedies that must exhausted before Plaintiff seeks relief from this Court.  At this stage, the requisite showing has not been

made.

### D. The Proper Defendant

In the interest of judicial efficiency and in its inherent authority to manage its docket, a district court can issue an order sua sponte that substitutes the proper defendant in a case where Plaintiff is proceeding pro se.  See Gonzalvo v. State of New York, No., 2013 WL 4008881, at *2 (N.D.N.Y. Aug. 2, 2013) (citing cases).  Instead of requiring Plaintiff to amend her complaint for a third time to sue the proper Defendant, the Court will order the Clerk of Court to substitute the proper Defendant in this case, Prince William County's Office of Community and Housing Development, and to terminate the United States as a Defendant.  See Lauderhill Housing Auth. v. Donovan, 818 F. Supp. 2d 185, 186 (D.D.C. 2011) (citing Baker v. Cincinnati Metro. Hous. Auth., 675 F.2d 836, 840 (6th Cir. 1982) ("It is the policy of the United States . . . to vest in public housing agencies the maximum amount of responsibility in the administration of their housing programs.")).  "Under HUD regulations, HUD must defer to state and local law in determining a PHA's jurisdiction to administer vouchers for a particular area."  Donovan, 818 F. Supp. 2d at 186 (citing 24 C.F.R. § 982.4(b)).

**IV. Conclusion**

For the foregoing reasons, the Court will deny

Plaintiff's Emergency Motion.

An appropriate Order shall issue.

|                        | /s/                                |
|------------------------|------------------------------------|
| August 26, 2015        | James C. Cacheris                  |
| Alexandria, Virginia   | UNITED STATES DISTRICT COURT JUDGE |