IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
RENIECE L.W. KABANDO,           )
                                )
     Plaintiff,                 )
                                )
          v.                    )     1:15cv1040(JCC/JFA)
                                )
PRINCE WILLIAM COUNTY OFFICE    )
OF HOUSING AND HUMAN            )
DEVELOPMENT.                    )
                                )
     Defendant.                 )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant's Motion
to Dismiss [Dkt. 28].  For the following reasons, the Court
grants Defendant's motion to dismiss and dismisses Plaintiff's
Amended Complaint [Dkt. 9].[1]

**I. Background**

At the motion to dismiss stage, the Court must read
the complaint as a whole, construe the complaint in a light most
favorable to the plaintiff, and accept the facts alleged in the
complaint as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] The Court notes that Plaintiff filed a "Second Amended
Complaint" [Dkt. 16] on August 27, 2015. However, Plaintiff
never sought or received approval to amend her complaint a
second time.  Therefore, the operative complaint in this case
remains the Amended Complaint [Dkt. 9] filed August 20, 2015,
with the change in Defendant ordered by this Court on August 26,
2015.  (Order of August 26, 2015 [Dkt. 15].)

On August 17, 2015, Plaintiff Reniece L.W. Kabano, *pro se*, filed a complaint against the United States of America. (Compl. [Dkt. 1].)  The same day, Plaintiff filed a Motion for an Emergency Hearing.  [Dkt. 4.]  On August 18, 2015, this Court issued an Order summarily dismissing Plaintiff's Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and gave her leave to amend the Complaint.  (Order [Dkt. 8].)  On August 20, 2015, Plaintiff filed an Amended Complaint that clarified her claims.  (Am. Compl. [Dkt. 9].)  Again, Plaintiff also filed a Motion for an Emergency Hearing [Dkt. 11], which the Court heard on August 26, 2015.  On August 26, 2015, this Court heard an "Emergency Motion" where Plaintiff sought unspecified "declaratory [and] injunctive relief" to remedy her and her daughter's current homelessness, as they have been living in a car.  (Pl.'s Emergency Mot. [Dkt. 11] at 1-2.)  The Court, liberally construing Plaintiff's Emergency Motion as an *ex parte* Motion for a Temporary Restraining Order to enjoin the government from placing Plaintiff back on the waiting list and to order the government to issue Plaintiff a NED voucher, denied the motion, and *sua sponte* substituted the Prince William County Office of Housing and Community Development ("OHCD") as the proper defendant in Plaintiff's suit, terminating the United States as a defendant.  (Order of August 26, 2015 [Dkt. 14]; Memorandum Opinion of August 26, 2015 [Dkt. 14] at 3, 10.)

2

Plaintiff has continued to assert that the United States is the proper Defendant in this case, filing a "Second Amended Complaint," [Dkt. 16] without ever seeking or receiving leave to do so, on August 27, 2015, a day after the Court substituted the OHCD as the proper defendant.  Here, Plaintiff again asserted that "[t]he Defendant is the United States of America" and, "The government of the United States is liable in this case." (Sec. Am. Compl. ¶¶ 3-4.)  Plaintiff also moved for Default Judgment against the United States on August 27, 2015.  Prior to the hearing on that motion, Plaintiff also moved to withdraw the OHCD as a defendant, again explaining that she believed the United States was the proper defendant in this case.  (Withdrawal [Dkt. 24].)  These motions were heard by Judge Anderson on September 11, 2015.  Judge Anderson explained that the United States was not the proper defendant in this suit, and that withdrawal of the OHCD as a defendant would withdraw the only remaining defendant and effectively dismiss the suit.  Accordingly, the motion for Summary Judgment was denied, and the OHCD remained as the defendant.  (Order of Sept. 11, 2015 [Dkt. 26].)

In her Amended Complaint, Plaintiff alleges that she is disabled and homeless.  (Am. Compl. at 1.)  Plaintiff brought this Amended Complaint pursuant to 42 U.S.C. § 1983, and the Administrative Procedure Act, 5 U.S.C. § 706 *et seq.*, and

claimed that her due process rights under the 5th and 14th Amendments were violated when the Defendant United States of America failed to issue her a Section 8 Housing Voucher.  (*Id.* at 1-2.)

Specifically, Plaintiff claims that on June 16, 2014, she was "called off the waiting list" and interviewed for a Non-Elderly Disabled ("NED") Section 8 Housing Voucher by the United States Department of Housing and Urban Development ("HUD") through the Special Needs Division of the Prince William County Office of Housing and Community Development ("OHCD").  (*Id.* at 2.)  However, just over five months later, by letter dated October 30, 2014, because Plaintiff had not yet received a NED voucher, and because OHCD had "fully leased all required vouchers . . . by the contract expiration date of October 27, 2014," Plaintiff's name was placed back onto the "NED Waiting List with its proper place according to [her] preference, date, and time, and will be reconsidered for assistance when additional NED vouchers and funding to support the leasing of another family become available."  (Compl. Attach. 2 [1-2] at 2.)

Plaintiff claims that this government action, *i.e.*, placing her back on the waiting list and not issuing her a NED voucher, was discriminatory, arbitrary, contrary to law, and in violation of her constitutional rights.  (Am. Compl. at 3.)

4

Plaintiff claims that she had submitted all the required documentation by October 14, 2014, well before the October 27, 2014 expiration date, and is therefore entitled to a NED voucher.  (*Id.; see also* Compl. Attach. 3 [Dkt. 1-3] at 2.) Plaintiff claims that because she had met all of the requirements and was "called off" the waiting list before the expiration date, OHCD and HUD deprived her of an entitlement to property "based on mismanagement of funds," which constitutes misconduct.  (Am. Compl. at 4.)

Defendant OHCD moved to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).  That motion is now before the Court.

## II. Legal Standard

Defendant moves to dismiss under Rules 12(b)(2) and 12(b)(6).  Defendant asserts that this Court has no personal jurisdiction over the Defendant as a result of their status as an operating division of a governmental entity under Virginia law, and that Plaintiff has failed to allege facts which would support a claim in any event.  Rule 12(b)(2) allows defendants to raise lack of personal jurisdiction in a pre-answer motion. The plaintiff bears the burden of proving to the court the existence of personal jurisdiction over the defendant by a preponderance of the evidence.  *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005)

(citation omitted).  If there are disputed factual questions as to the existence of jurisdiction, the court may hold a separate evidentiary hearing, may defer ruling pending the production of relevant evidence at trial, or may rule simply on the motion papers, supporting legal memoranda, and the relevant allegations in the complaint.  *See Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989); *see also Long v. Chevron Corp.*, No. 4:11cv47, 2011 WL 3903066, at *3 (E.D. Va. Sept. 2, 2011); *People Express Airlines, Inc. v. 200 Kelsey Assocs., LLC*, 922 F. Supp. 2d 536, 541 (E.D. Va. 2013).  In the absence of an evidentiary hearing, a plaintiff's burden is a prima facie showing of personal jurisdiction.  *New Wellington*, 416 F. 3d at 294.  To evaluate whether a plaintiff has made a prima facie showing, "a district court may look to both plaintiff and defendant's proffered proof," *People Express Airlines, Inc.*, 922 F. Supp. 2d at 541 (citation omitted), but the court "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id.* (quoting *Combs*, 886 F.2d at 676).  When the defendant "provides evidence [that] denies facts essential for jurisdiction, the plaintiff must, under threat of dismissal, present sufficient evidence to create a factual dispute on each jurisdictional element [that] has been denied by the defendant and on which the defendant has

presented evidence." *People Express Airlines, Inc.,* 922 F.
Supp. 2d at 541 (citations and internal quotation marks
omitted).

"The purpose of a Rule 12(b)(6) motion is to test the
sufficiency of a complaint; importantly, [a Rule 12(b)(6)
motion] does not resolve contests surrounding the facts, the
merits of a claim, or the applicability of defenses." *Edwards
v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999)
(citation omitted) (internal quotation marks omitted).  While
the court must accept well-pleaded allegations as true when
ruling on a Rule 12(b)(6) motion, the court need not accept as
true legal conclusions disguised as factual allegations.
*Ashcroft v. Iqbal*, 556 U.S. 662, 679-81 (2009).  Therefore, a
pleading that offers only a "formulaic recitation of the
elements of a cause of action will not do." *Iqbal*, 556 U.S. at
678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  Nor
will a complaint that tenders mere "naked assertion[s]" devoid
of "further factual enhancement." *Iqbal*, 556 U.S. at 678;
*Twombly*, 550 U.S. at 557.  In the instance where sufficient
facts are alleged in the complaint to rule on an affirmative
defense, such as the statute of limitations, the defense may be
reached by a motion to dismiss filed under Rule 12(b)(6).  This
principle only applies, however, if all facts necessary to the
affirmative defense "clearly appear[ ] *on the face of the*

7

*complaint*." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (emphasis in original); *see also* 5B Wright & Miller, Federal Practice & Procedure § 1357.

In considering a motion to dismiss, a court is limited to considering the pleadings, documents attached to the pleadings, documents integral to, relied on, or referenced to within the pleadings, and official public records pertinent to the plaintiff's claims. *See Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176 (4th Cir. 2009); *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006); *Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995).

### III. Analysis

Because a motion brought under Rule 12(b)(2) challenges the exercise of personal jurisdiction, a threshold issue, the Court addresses that question first before turning to Defendant's challenge to the sufficiency of the complaint under Rule 12(b)(6). *See Combs. V. Bakker*, 886 F.2d 673, 675 (4th Cir. 1989)(noting the "proper course in review is to consider first" whether personal jurisdiction exists, then consider a 12(b)(6) argument).

A. Personal Jurisdiction

Defendant argues that as a department of the government of Prince William County the OHCD is only an operating division of a governmental entity and is therefore not

capable of being sued.  (Def.'s Mem. [Dkt. 29] at 2.)  The capacity to be sued is determined by the law of Virginia. *See* Fed. R. Civ. P. 17(b).  This court has previously held that in Virginia, "an operating division of a governmental entity cannot be sued unless the legislature has vested the operating division with the capacity to be sued." *Muniz v. Fairfax County Police Department*, 2005 U.S. Dist. LEXIS 48176, *4 (E.D. Va. Aug 2, 2005)(*citing Davis v. City of Portsmouth*, 5799 F. Supp. 1205, 210 (E.D. Va. 1983), *aff'd* 742 F.2d 1448 (4th Cir. 1984).  Defendant argues that the OHCD, like a police department, or a department of family services, has no legal existence separate and apart from Prince William County, and thus no capacity to be sued unless the legislature specifically grants it that capacity.  *See Muniz*, LEXIS 48176; *Fiorani v. Navy Fed. Credit Union* 1015 U.S. Dist. LEXIS 116422 (E.D. Va. April. 14, 2015), *aff'd Fiorani v. Navy Fed. Credit Union*, 613 Fed. Appx. 220 (4th Cir. 2015); *Gedrich v. Fairfax Cty. Dept. of Family Svcs.,* 282 F. Supp. 2d 439, 456 (E.D. Va. 2003).  Plaintiff responds to this argument by asserting that the OHCD is an agency of Prince William County which is in turn "a level of the United States of America," and thus she has a right to review under 5 U.S.C. § 702.  (Pl.'s Opp'n. [Dkt. 46] at 3.)  5 U.S.C. § 702 is part of the Administrative Procedure Act and deals with judicial review of federal agency action.  It reads, in relevant part, "[a]

person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof . . . [n]othing herein (1)affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground." 5. U.S.C. § 702.[2] In short, 5 U.S.C. § 702 does not grant this Court jurisdiction over operating divisions of state or local governments where the laws of Virginia would not do so. Because Plaintiff does not cite and the Court cannot find any act of the Virginia legislature granting the OHCD the capacity to be sued, Plaintiff has failed to carry her burden of making a prima facie showing that the OHCD is an entity capable of being sued and properly subject to the Court's personal jurisdiction. *New Wellington*, 416 F. 3d at 294. Accordingly, the Court grants Defendant's Motion to Dismiss for lack of personal jurisdiction. However, because a *pro se* complaint is "to be liberally construed", the Court will proceed to analyze Plaintiff's claim under Rule 12(b)(6) as though she had named a legally distinct entity which would be subject to this Court's

---

[2] As noted in the Court's previous memorandum opinion of August 26, 2015 on this case, even if 5 U.S.C. § 702 where applicable, judicial review under that statute is only available after an exhaustion of administrative remedies, something Plaintiff here has failed to pursue. (Mem. Op. of August 26, 2015 [Dkt. 14] at 8.)

personal jurisdiction.

### B. Failure to State a Claim

In support of their Rule 12(b)(6) Notion to Dismiss for failure to state a claim, Defendant denies that Ms. Kabando in fact had any cognizable right to an NED Voucher, arguing that "Ms. Kabando's claim is premised on a misunderstanding of how the NED Voucher system works." (Def.'s Mem. [Dkt. 29] at 4.)  In 2010, a district court in New Jersey addressed a similar issue related to Section 8 Housing Vouchers, and succinctly summarized the federal program and its procedures as implemented through state agencies:

> The Section 8 Housing Choice Voucher Program ("HCVP") is a federal government program for assisting low income families in obtaining affordable housing.  Participants choose housing that meets the requirements of the program.  Housing choice vouchers are administered locally by public housing agencies ("PHAs"), such as [OHCD through the Prince William County Government].  The PHAs receive federal funding from the United States Department of Housing and Urban Development ("HUD") to administer the voucher program.  Once housing is chose, contracts are signed between the PHA and the landlord and the landlord and the tenant. The tenant pays a percentage of his or her monthly income to the landlord towards the contract rent, and the PHA pays the difference.

> Demand for vouchers exceeds their supply, and often long waiting lists develop.  A PHA may establish local preference for selecting applicants from its waiting list.  Vouchers are considered portable and can be used in

> or outside the issuing PHA's jurisdiction,
> including anywhere in the United States
> where a PHA administers this program, after
> the participant lives for at least one year
> in the issuing PHA's jurisdiction.

*Castro v. Bayonne Housing Authority*, Civ. No. 10-403 (DRD), 2010 WL 1849997, at *2 (D.N.J. May 7, 2010). Here, Plaintiff contends that once she was "called off" the waiting list in June of 2014, because she was eligible to receive a NED voucher, OHCD violated her rights and acted contrary to law when it did not issue the voucher but instead returned her name to the waiting list in October of 2014. (Am. Compl. ¶¶ 4-5.)

In order to succeed with a claim for deprivation of an entitlement or property under 42 U.S.C. § 1983, "a plaintiff must first show that he has a constitutionally protected 'liberty' or 'property' interest." *Stone v. Univ. of Med. Med. Sys. Corp.*, 855 F.2d 167, 172 (4th Cir. 1988)(*citing Bd. Of Regents v. Roth*, 92 S. Ct. 2701 (1972); *Daniels v. Williams*, 106 S. Ct. 662 (1986)). The regulations governing the NED voucher program, 24 C.F.R. §989.202(c) are explicit that "an applicant does not have any right or entitlement to be listed on the PHA waiting list, to any particular position on the waiting list, or to admission to the programs." Due in large part to the fact that the need for housing vouchers vastly outstrips the supply of these vouchers, courts have granted great discretion to the public housing agencies and the Department of Housing and Urban

Development in the means by which they administer the waiting list. *See Jones v. Graziano*, 2013 U.S. Dist. LEXIS 51746 (D.Md. Apr. 10, 2013)(*aff'd Jones v. Graziano,* 541 Fed. Appx. 325, (4th Cir. 2013))("It is beyond the purview of this Court to mandate that [a local housing authority] exercise that discretion in a particular fashion to suit one individual."). Likewise, courts have routinely held that because of these funding limitations and the discretion required in administering housing voucher programs, "housing vouchers provided by the [HUD] Program[s] are not 'entitlement benefits.'" *Montgomery v. Housing Authority of Baltimore City*, 731 F. Supp. 2d. 439, 441 (D.Md. 2010). *See also Phelps v. Housing Authority of Woodruff*, 742 F.2d 816 (4th Cir. 1984)(holding that preference provisions of the Housing Act do not give rise to constitutionally protected rights enforceable under § 1983).

Turning to the facts at hand, Ms. Kabando's case is clearly one where the supply of NED vouchers has simply fallen short of the need, to Ms. Kabando's unfortunate detriment. Attachment 2 to Plaintiff's original complaint, a letter to Ms. Kabando from the OHCD dated October 30, 2014, clearly explains that "as of the date of this letter we have fully lease (sic) all the required vouchers and cannot assist any more families until another NED voucher becomes available." (Compl. Attach. 2 at 2.) That letter goes on to explain that because no vouchers

were available for Ms. Kabando, her "name will be place (sic) onto the NED Waiting List in its proper place according to your preference, date, and time and will be reconsidered for assistance when additional NED vouchers and funding to support the leasing of another family become available." (*Id.*) Plaintiff makes a blanket assertion that "the government actions are clearly arbitrary," (Am. Compl. ¶ 5) but the Court need not accept as true this legal conclusion despite its appearance in the complaint. *Iqbal*, 556 U.S. at 679-81.  The documents attached to the complaint by Plaintiff clearly indicate that Plaintiff did not receive a housing voucher because the limited supply available simply ran out.  Furthermore, at oral argument, Defendant's attorney explained that merely having your name on the waiting list for NED vouchers does not mean that your eligibility for the program has been ruled upon by the government, nor does being called off the waiting list.  In fact, no government determination on the eligibility of an individual to receive an NED voucher is made until you are called off the list, respond quickly enough to receive an available spot in the program, and complete your application. This case is therefore firmly within the class of housing voucher waitlist cases discussed above, and the Court finds that no cognizable property right existed which would support a § 1983 action under the facts alleged.  Accordingly, the Court

14

grants Defendant's Motion to Dismiss on Rule 12(b)(6) grounds as well.  As any subsequent amendment to the Amended Complaint would be futile in curing the issues discussed above, the Amended Complaint is dismissed with prejudice.  *See Morefield v. Bailey*, 959 F. Supp. 2d 887, 907 (E.D. Va 2013).

### IV. Conclusion

For the foregoing reasons, the Court grants Defendant's Motion to Dismiss.

An appropriate Order shall issue.

/s/
_____
November 17, 2015                 James C. Cacheris
Alexandria, Virginia       UNITED STATES DISTRICT COURT JUDGE