```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division


RENIECE L.W. KABANDO,            )
                                 )
     Plaintiff,                  )
                                 )
          v.                     )    1:15cv1040(JCC/JFA)
                                 )
PRINCE WILLIAM COUNTY OFFICE     )
OF HOUSING AND COMMUNITY         )
DEVELOPMENT.                     )
                                 )
     Defendant.                  )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on five motions filed by Plaintiff Reneice Kabando. These motions are respectively titled "Motion for Leave to File Motion for Reconsideration" [Dkt. 50], "Emergency Amended Motion for Leave to File Motion for Reconsideration" [Dkt. 52], "Emergency Motion for Leave to File Fourth Amended Complaint" [Dkt. 54], "Emergency Motion to Reconsider Temporary Restraining Order" [Dkt. 57], and "Motion for Order to Show Cause [Dkt. 60]." These motions ask for a wide range of Court ordered relief. Ms. Kabando's Amended Complaint has previously been dismissed with prejudice in its entirety by this Court's Order of November 17, 2015 [Dkt. 49].

**I. Background**

1

In addition to making several clearly frivolous requests for relief which the Court cannot provide at this point, Ms. Kabando asks the Court to amend the order dismissing her complaint pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure.  Ms. Kabando asserts that because the Court was not persuaded by the arguments put forward in her opposition to the Defendant's Motion to Dismiss, the Court has "discriminate[d] against her based on her disability." (Pl.'s Mot. for Leave to File Mot. for Recons. [Dkt. 50], at 1.) She alleges that the Court has, among other things, "disregard[ed] citations of the law in favor of Reneice Kabando", specifically citations to the Administrative Procedure Act; "disregard[ed] statements from the defendant in favor of Reniece Kabando"; "chang[ed] the defendant (sic) words to go against her", specifically by the court's referring to the Prince William County Office of Housing and Community Development as "an operating division of a governmental entity" rather than as an "agency";  "disregard[ed] her constitutional right for equal protection by the law"; "cite[d] the law and skipped over words in Reneice Kabando's favor"; "[found] a wrong orchestrated by the Court, then blame Reneice Kabando for the wrong", specifically by substituting the original defendant in this case, the United States of America, with the current defendant, the Prince William County OCHD; "den[ied] her proof

of her disability and homelessness"; "penalize[d] Reneice Kabando for not doing something that she was not supposed to do"; "penalize[d] Reneice Kabando for doing something and was supposed to do"; made "a big issue whether or not the defendant can be sued or not and the defendant is not being sued"; "refuse[d] to declare, then tell the plaintiff that she did not state a claim and called her prejudice (sic)"; "act[ed] sua sponte to prolong her into irreparable harm, but not act[ed] upon sua sponte to immediately prevent irreparable harm"; and "attempt[ed] not to preserve life without due process of the law". (Pl.'s Mot for Leave to File Mot. for Recons.) Plaintiff then rehashes her argument that the Court should have granted her a preliminary injunction rather than granting Defendant's Motion to Dismiss. The Plaintiff does not introduce any previously unavailable evidence.

## II. Legal Standard

Because the plaintiff is proceeding *pro se*, the Court must liberally construe the plaintiff's motions in her favor. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Court will therefore construe Plaintiff's motions as motions for reconsideration of the Court's order dismissing her amended complaint filed pursuant to Federal Rule of Civil Procedure 59(e) or 60(b), as that offers her the best chance to get the relief she seeks. A court may amend a judgment under Rule 59(e)

in the following three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Amending a judgment "is an extraordinary remedy that should be applied sparingly." *Mayfield v. NASCAR, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012). In order to justify reconsideration due to clear error, the error cannot be "just maybe or probably wrong; it must . . . strike [the Court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *Fontell v. Hasset*, 891 F.Supp.2d 739, 741 (D.Md. 2012)(*quoting TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009)(citations omitted)).

   In order to justify relief from an order under Rule 60(b), the moving party must "make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Werner v. Carbo,* 731 F.2d 204, 206-207 (4th Cir. 1984)(citations omitted). Once a party has met this initial requirement, "he must proceed to satisfy one or more of the rule's six grounds for relief from judgment." *Id.* Relevant to this case, Federal Rule of Civil Procedure 60(b)(6) authorizes relief for "any other reason that justifies relief." "Although Rule 60(b)(6) is a catchall provision which allows a court to grant relief for any reason,

4

case law limits the reasons for which a court may grant relief under Rule 60(b)(6)." *Dowell v. State Farm Fire and Casualty Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). Rule 60(b)(6) "should only be applied in extraordinary circumstances." *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 118 (4th Cir. 2000)(internal quotations omitted).

A motion for reconsideration "is inappropriate if it asks the court to 'reevaluate the basis upon which it made a prior ruling' or 'merely seeks to reargue a previous claim.'" *Projects Mgmt. Co. v. DynCorp Int'l, LLC*, 17 F. Supp. 3d 539, 541 (E.D. Va. 2014) (quoting *United States v. Smithfield Foods, Inc.*, 969 F. Supp. 975, 977 (E.D. Va. 1997)). A motion for reconsideration does not allow parties "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

### III. Analysis

Plaintiff has not pointed to any previously unavailable evidence, nor has she argued that the controlling law has changed since the Court entered the order dismissing her amended complaint. Plaintiff's arguments all deal, in one way or another, with what she perceives as the clearly errors and

manifest injustice underlying the Court's order dismissing her amended complaint.  Because the Court believes that its order dismissing Ms. Kabando's amended complaint was based on a correct interpretation and application of governing law, and the result it reached was not manifestly unjust but required by the law as it currently exists, the Court must deny Ms. Kabando's motions for reconsideration.

Plaintiff alleges in her motions that the Court discriminated against her in dismissing her amended complaint by disregarding citations and arguments made in the Plaintiff's briefs, as well as by disregarding comments made by the Defendant at oral argument.  The Court did not disregard any of Ms. Kabando's arguments or citations.  Every word of Ms. Kabando's numerous filings has been read and considered.  Every case and law cited by Ms. Kabando has been examined.  The oral arguments of both Ms. Kabando and the Defendant were taken into consideration in the Court's decision to grant the Defendant's motion to dismiss.  The Court simply disagrees with Ms. Kabando on the state of the law regarding housing vouchers, County Government, and the scope of the Administrative Procedure Act.  As a result of those differences, the Court disagrees with Ms. Kabando on the proper outcome of her case.

The Court's description of the Prince William County OHCD as an operating division of a governmental entity was the

6

result of its analysis of the proper legal status of the OHCD, and a desire to use precise language in describing that status. It was not an attempt to circumvent Ms. Kabando's description of the OHCD as an "agency". The fashion in which a party describes the legal status of an entity to the Court is not determinative of that entity's actual legal status. For the reasons described in the Court's previous Memorandum Opinion issued November 17, 2015 [Dkt. 48], the OHCD is an operating division of a state governmental entity, not a federal agency subject to the Administrative Procedures Act.

The Court's previous decision to replace the initial Defendant, the United States of America, with the current Defendant, the Prince William County OHCD, was made with the Plaintiff's interests as a *pro se* litigant at heart. The Court was not attempting to bamboozle, mislead, or cheat the Plaintiff. As described in the Court's Memorandum Opinion issued on August 26, 2015 [Dkt. 14], the Court believed that the proper defendant in this case was the OHCD, and thus Ms. Kabando's best chance of actually stating a valid claim was by naming the OHCD as the defendant. Ultimately, the Court determined that under the laws governing housing vouchers, Ms. Kabando has no potential cause of action against anyone in this case; therefore, the Court dismissed her amended complaint. (Mem. Opp. of Nov. 17, 2015, at 14, 15.) If the Court had not

7

replaced the United States with the OHCD as the proper defendant, the complaint would still have been dismissed.  The amended complaint would simply have been dismissed much earlier in the case's history.

The other various errors alleged by Ms. Kabando either did not occur as she describes them, or are not actually errors. The Court absolutely took Ms. Kabando's constitutional rights into consideration in reaching its decision to grant the Defendant's motion to dismiss and dismiss Kabando's amended complaint.  The Court has no biases or prejudices towards either Ms. Kabando or the government.  Hopefully Ms. Kabando does not remain homeless for long, and she stays safe and healthy until she is able to find permanent accommodations.  However, the Court must apply the law as it currently exists in a fair and impartial manner.  As the law currently exists, this Court was correct in granting the Defendant's motion to dismiss and dismissing Ms. Kabando's amended complaint with prejudice.

### IV. Conclusion

Accordingly, the Court denies Ms. Kabando's Motion for Leave to File Motion for Reconsideration, her Emergency Amended Motion for Leave to File Motion for Reconsideration of Motion, her Emergency Motion to Reconsider Temporary Restraining Order, and her Motion for Order to Show Cause.  The Court also denies her Emergency Motion for Leave to File a Fourth Amended

8

Complaint as moot.

An appropriate Order shall issue.

                                              /s/

January 7, 2016                    James C. Cacheris
Alexandria, Virginia      UNITED STATES DISTRICT COURT JUDGE